IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

|  |  |
|---|---|
| NICHOLAS L. EURE<br>#286-231<br>Maryland House of Correction-Annex<br>P.O. Box 534<br>Jessup, Maryland 20794<br><br>            Plaintiff<br><br>vs.<br><br>RONALD HUTCHINSON, Warden<br>SERVE:<br>Office of the Attorney General<br>    of Maryland<br>200 St. Paul Place<br>Baltimore, Maryland 21202<br><br>and<br><br>LOUIS STEWART, Asst. Warden<br>SERVE:<br>Office of the Attorney General<br>    of Maryland<br>200 St. Paul Place<br>Baltimore, Maryland 21202<br><br><br>JAMES V. PEGUESE, Security Chief<br>Maryland House of Correction<br>P.O. Box 534<br>Jessup, Maryland 20974<br><br>Officer Johnson<br>Maryland House of Correction<br>P.O. Box 534<br>Jessup, Maryland 20974<br><br>            Defendants | *<br>*<br>*<br>*<br>*<br>*<br>*    Case No.: JFM 02CV3691<br>*<br>*<br>*<br>*<br>*<br>*<br>*<br>*<br>*<br>*<br>*<br>* |

AMENDED COMPLAINT

(Violation of 42 U.S.C. A § 1983
and Maryland Constitutional Rights)

Comes now, Nicholas L. Eure, by and through his attorney, Bert W. Kapinus, and in support of his Complaint, asserts as follows:

COUNT I

(Violation of 42 U.S.C.§1983)

1. This action arises out of violation of the Plaintiff's rights under the United States Constitution and Title 42, U.S.C. §1983.

2. This Court is vested with jurisdiction pursuant to §1343 of Title 28 of the United States Code (28 U.S.C. A.§1343).

3. Plaintiff, Nicholas L. Eure, at all times stated herein was an inmate at the Maryland House of Correction and subject to the jurisdiction of the Maryland Department of Public Safety and Correctional Services.

4. Defendant, Ronald Hutchinson, was the warden of the Maryland House of Correction and was responsible for care, safety and management of the prisoners confined in his institution. Defendant is being sued individually and in Defendant's official capacity as warden of that prison.

5. Defendant, Louis Stewart, at all times stated herein was the assistant warden of the Maryland House of Correction and was responsible for care, safety and management of the prisoners confined in his institution. Defendant is being sued individually and in Defendant's official capacity as warden of that prison.

6. James V. Peguese was chief of security at the Maryland House of Correction at all times stated herein. Among his duties, he was responsible for the care, safety and security of the prisoners who were confined in the institution. Defendant is being sued individually and in Defendant's official capacity as security chief of the Maryland House of Corrections.

7. Defendant Officer Johnson at all times herein stated was a custodial guard at the Maryland House of Corrections. She was on duty in the unit in which Plaintiff was housed and responsible for supervising, monitoring and control of the prisoners in the unit. Defendant is being sued individually and in Defendant's official capacity as staff officer of the Maryland House of Corrections.

8. Plaintiff was confined in a large detention area in which were confined many other persons, some of whom were dangerous and desperate persons, which fact was well known to the Defendants.

9. On November 14, 1999, at approximately 12 noon, Plaintiff left the J Dormitory where he was housed to go to the dining hall. As Plaintiff proceeded toward the dining hall in the area known as the back grill, he went past a group of individuals who were standing in the area. When Plaintiff went by the group, he was stabbed about the head with the result that he suffered the loss of his right eye.

10. Officer Johnson, the custodial guard who was overseeing the area where Plaintiff was walking, failed to monitor the actions of the prisoners in the area with the result that Plaintiff was left unguarded and subject to attack by the unknown assailants.

11. James V. Peguese, the security chief was in charge of maintaining order in the institution and assuring the safety, welfare and security of the individual prisoners. He was required to provide sufficient staff to supervise and control the mass movement the prisoners. In this instance, he was deliberately indifferent to the danger caused to Plaintiff as well as other prisoners in failing to provide

staff necessary to properly control and monitor the movements of prisoners on the day and time in question. His deliberate indifference to his duty resulted in the assault upon Plaintiff.

12. Warden Ronald Hutchinson, was in charge of the overall institution and was responsible for providing sufficient staffing necessary to maintain order and control of the prisoner population so as to assure the safety and welfare of individual prisoners. In addition, Defendant Ronald Hutchinson was responsible for determining that knives, shanks and other lethal weapons were not available to inmates. He failed to properly and adequately take the necessary measures to search prisoners and their cells and areas accessible to the inmates to discover those items that could be used as weapons. Defendant Ronald Hutchinson was deliberately indifferent to the dangers caused by the availability of knives and shanks in failing to control and eliminate those items from the institution.

13. Assistant Warden Louis Stewart was in charge of the overall institution and was responsible for providing sufficient staffing necessary to maintain order and control of the prisoner population so as to assure the safety and welfare of individual prisoners. In addition, Defendant Louis Stewart was responsible for determining that knives, shanks and other lethal weapons were not available to inmates. He failed to properly and adequately take the necessary measures to search prisoners and their cells and areas accessible to the inmates to discovery those items that could be used as weapons. Defendant Louis Stewart was deliberately indifferent to the dangers caused by the availability of knives and shanks in failing to control and eliminate those items from the institution.

14. Defendants, Ronald Hutchinson, Warden, Louis Stewart, Assistant Warden, and James V. Peguese, Security Chief, knew, or in the exercise of ordinary care, should have known, that the practice of letting prisoners, some of whom were dangerous, intermingle without adequate supervision

made it highly foreseeable that some prisoners would be victims of attacks by other prisoners; and Defendants were deliberately indifferent to the safety of the prisoners in that the number of guards provided was insufficient to prevent such attacks and inadequate to rescue prisoners should such attacks occur.

15. The deprivation of Plaintiff's rights was due to the deliberate indifference of the Defendants in failing to provide adequate supervision and security to protect the Plaintiff from the acts complained of, which included improper training and management of institution.

16. That the aforesaid acts constitute restrictions on Plaintiff's freedom from cruel and unusual punishment, violation of due process of law and the violations of equal protection, all prescribed by the First, Fourth, Fifth, Eighth and Fourteenth Amendments of the United States Constitution as provided by 42 U.S.C. §1983, 42 U.S.C. §1985, 28 U.S.C. §1331 and §1346.

17. As a direct and proximate result of the aforesaid acts of the Defendants, Plaintiff suffered the loss of his right eye and permanent injury to his body, great, present and future bodily pain and injury about his head and face, great present and future mental anguish, present and future loss of work, wages and property and present and future medical care and treatment and pain and suffering.

WHEREFORE, Plaintiff demands judgment against each of the Defendants, jointly and severally, in the amount of Five Million Dollars ($5,000,000.00) plus interest, costs, attorneys fees and other such and further relief as this Honorable Court deems just and equitable.

## COUNT II

(Maryland Civil Rights)

18. Plaintiff restates and incorporates by reference and repeats Paragraphs 1 through 17 as if

fully set forth herein.

19. This, in part, is an action to redress the deprivation under color of statute, ordinance, regulation, custom, or usage of a right, privilege, and immunity secured to the Plaintiff by the Declaration of Rights of the Constitution of the State of Maryland, including but not limited to Articles 2, 16, 19, 24, and 25 and arising under the laws and statutes of the State of Maryland.

20. Defendants acted with deliberate indifference to the Plaintiff's safety and welfare in deprivation of Plaintiff's rights, privileges, immunities and right to be free from cruel and unusual punishment secured to him by the Constitution of the State of Maryland, including but not limited to the following: freedom from physical abuse, coercion and intimidation; freedom from the use of unreasonable or excessive force; the right to due process; the right to life; and the right to liberty. All of these rights are secured to the Plaintiff by the provisions of the Declaration of Rights of the Constitution of the State of Maryland.

21. As a direct and proximate result of the aforesaid acts of the Defendants, Plaintiff suffered the loss of his right eye and permanent injury to his body, great, present and future bodily pain and injury about his head and face, great present and future mental anguish, present and future loss of work, wages and property and present and future medical care and treatment and pain and suffering.

WHEREFORE, Plaintiff demands judgment against each of the Defendants jointly and severally in the amount of Five Million Dollars ($5,000,000.00) plus interest, costs, attorneys fees and other such and further relief as this Honorable Court deems just and equitable.

/S/
_____

Bert W. Kapinus

>Attorney for the Plaintiff
>5503 44th Avenue
>Hyattsville, Maryland 20781
>Telephone: (301) 864-3454

JURY DEMAND

Plaintiff hereby requests a trial by Jury.

>_____/S/_____
>
>Bert W. Kapinus