**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

| | | |
|---|---|---|
| NICHOLAS EURE, | * | |
| Plaintiff, | * | |
| v. | * | Civil No. JFM-02-3691 |
| THOMAS R. CORCORAN, ET AL., | * | |
| Defendants. | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \*

**MEMORANDUM IN OPPOSITION**
**TO MOTION TO AMEND COMPLAINT**
**TO CORRECT MISNOMER OF PARTIES**

Defendants, Thomas R. Corcoran and Lehrman Dotson[1], by their attorneys, J. Joseph Curran, Jr., Attorney General of Maryland and Stephanie Lane-Weber, Assistant Attorney General, oppose Plaintiff's Motion to Amend Complaint to Correct Misnomer of Parties, for these reasons:

Plaintiff filed this civil rights law suit on or about November 13, 2002 concerning an assault at the Maryland House of Correction by an unknown inmate against him which occurred on November 14, 1999. In the initial law suit, the Plaintiff did not sue the persons he now wishes to name as Defendants, Former Warden Ronald Hutchinson, former Assistant Warden Louis Stewart, and former Chief of Security James V. Peguese. Also, there is no showing that these new Defendants had any knowledge of the pending law suit. Under these circumstances,

---

[1] These Defendants do not appear to be named in the Amended Complaint

it would be unfair to permit Plaintiff to circumvent the three year bar of the pertinent statute of limitations merely because he was not diligent in ascertaining whom the parties were within the lenghty three year period.

The statute of limitations for § 1983 proceedings is borrowed from a state's general personal injury statute of limitations. *Jersey Heights Neighborhood Ass'n v. Glendening*, 174 F.3d 180, 187 (4th Cir. 1999). Here, the statute of imitations is three years. See, Maryland Code, *Courts and Judicial Proceedings*, sec. 5-101 (civil action will be filed within three years of date it accrues).

To prevent suits from causing prejudice to unsuspecting parties, Rule 15 (c)(3) of the Rules of Procedure delineates when an amendment of the pleadings may occur for a new party. To permit the adding of a new party that relates back to the original filing date (and thereby defeating limitations), the Plaintiff must satisfy two components: the party "to be brought in by amendment (A) has received such notice of the institution of the action that the party will not be prejudiced in maintaining a defense on the merits; and (B) knew or should have known that, but for the mistake concerning the identity of the proper party, the action would have been brought against the party."

Where a prisoner tries to file an amended complaint against prison officials, unless the officials had actual knowledge of the suit, constructive knowledge through use of the same attorney does not suffice to permit the amendment. *Afrika v. Selsky*, 750 F. Supp. 595, 599 (S.D.N.Y. 1990). Moreover, unless the Plaintiff provides

some evidence that the new parties had actual knowledge of the suit, an alleged "identity of interests" cannot supply that notice. *Jimenez v. Toledo*, 604 F.2d 99, 102 (1st. Cir. 1979). Indeed, because there has been no good reason to excuse the failure to file a timely complaint, this Court should reject the request to permit an amended complaint to add a new party and to relate back to defeat limitations.

Additionally, the allegations in the Amended Complaint are conclusory at best, suggesting that these Defendants as supervisory personnel at the Maryland House of Correction failed to protect the Plaintiff because MHC was unsafe. But such bare allegations simply do not amount to a civil rights violations for failure to protect. *Farmer v. Brennan,* 511 U.S. 119 (1994). And, in order for there to be supervisory liability, there must be personal involvement in the alleged constitutional violation. *Vinnedge v. Gibbs,* 550 F2d 926, 928 (4th Cir. 1977) Absent a specific factual recitation as to how these Defendants purportedly deprived Plaintiff of his consitutional right, the pleadings should not be amended to add the new Defendants. *Doe v. Blake*, 809 F. Supp. 1020, 1026 (D.Conn 1992)(inmate not permitted to add warden to complaint to allow relation back in case about identifying inmates who are HIV+ where there were no facts alleged against the warden).

For these reason, the Defendants oppose Plaintiff's Motion to Amend Complaint to Correct Misnomer of Parties.

> Respectfully submitted,
>
> J. JOSEPH CURRAN, JR.
> Attorney General of Maryland
>
>
> _____
> STEPHANIE LANE-WEBER
> Assistant Attorney General
> General Bar No. 00023
>
> St. Paul Plaza - 19th Floor
> 200 St. Paul Place
> Baltimore, Maryland  21202
> (410) 576-6340 (Telephone)
> (410) 576-6880 (Telefax)
>
> Attorneys for Defendants

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 21st day of July, 2003, a copy of the foregoing Opposition to Motion to Amend Complaint to Correct Misnomer of Parties was mailed, postage prepaid, to:

Bert W. Kapinus, Esquire
5503 44th Avenue
Hyattsville, Maryland 20781

                                              _____
                                              STEPHANIE LANE-WEBER
                                              Assistant Attorney General

G:\LANEWEBS\WPDATA\Eure\opposition.wpd
CL02-6248