IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
NORTHERN DIVISION

|  |  |  |
|---|---|---|
| NICHOLAS EURE | * | |
| Plaintiff | * | |
| vs | * | Civil No.: JFM-02-3691 |
| THOMAS R. CORCORAN, et. al. | * | |
| Defendants | * | |
|  | * | |

**RESPONSE TO DEFENDANTS' OPPOSITION TO MOTION TO AMEND
COMPLAINT TO CORRECT MISNOMER OF PARTIES**

Defendants mistakenly take the position that by virtue of the Plaintiff's Motion to Amend his Complaint to name the correct parties, he seeks to add new parties. This is incorrect. The original Complaint named Thomas R. Corcoran, Warden, Lehrman Dotson, Assistant Warden and Samuel Hawkins, Chief of Security. After the filing of the Complaint, Plaintiff learned that the before named individuals did not hold the posts which are central to Plaintiff's claim. Upon this discovery, Plaintiff moved to name those individuals who in fact held the positions that were responsible for the control and supervision of the institution at the time Plaintiff was stabbed. Plaintiff does not attempt to add additional parties who were not the subject of the initial Complaint. He only seeks to substitute the correct name of the Warden, Assistant Warden and Chief of Security for the previously mistakenly named Warden, Assistant Warden and Chief of Security.

Federal Rule of Procedure 15(c) permits an amendment to the complaint to relate back to the original filing when the statute of limitations has expired. The Rule permits amending the complaint

if within the time provided for service under Rule 4(m)[1], the party has received such notice of the institution of the action, that the party will not be prejudiced in maintaining defense on the merits and if the party knew or should have known that but for a mistake concerning the identity of the party, the action would have been brought against the party.

Counsel, in prior dealings with the Attorney General's office with matters concerning the Department of Corrections' personnel had understood that the Attorney General's policy was to accept service on wardens and assistant wardens who were sued. In this belief, counsel sent a copy of the Summons and Complaint by certified mail to the Office of the Attorney General on November 22, 2002. Counsel for the Plaintiff did not know that prior to accepting service for a warden and assistant warden, the Attorney General's Office policy was to obtain permission to accept service from the individuals to be served before accepting service. Consequently, the Attorney General's Office filed a motion to quash the service in this matter. The motion was subsequently granted.

It is Plaintiff's position that as of November 22, 2002, the Warden, Ronald Hutchinson, and Assistant Warden Louis Stewart, and Chief of Security James E. Peguese were on notice of Plaintiff's claim notwithstanding that their predecessors had been named in the Complaint.

Subsequent to the original service being quashed, counsel entered into an agreement with the Attorney General's Office which provided that service would be accepted and that the time for filing an answer would be extended. It is submitted that under these circumstances defendants, Warden, Ronald Hutchinson, Assistant Warden Louis Stewart and former Chief of Security James Peguese had notice that they were the proper parties to this action and further knew or should have known but for

---

[1] Federal Rule of Civil Procedure 4(m) requires service to be made within 120 days of the filing of the complaint unless the time is extended for good cause.

the mistake concerning the identity that this action would have been brought against each of them.

The Court in <u>Soto vs. Brooklyn Correctional Facility</u>, 80 F.3d 34 (2nd Cir. 1996) recognized the rule that:

> "An amendment to a pleading that attempts to bring in a new party will "relate back" to the date of the original pleading when (1) the claim arises out of the same conduct originally pleaded and (2) within (ordinarily) 120 days of the original filing date,
> > the party to be brought in by amendment (A) has received such notice of the institution of the action that the party will not be *prejudiced* in maintaining a defense on the merits, and (B) knew or should have known that, but for a *mistake* concerning the identity of the property party, the action would have been brought against the party."

The defendants have not shown that they would be prejudiced by the amendment and they certainly knew that a mistake had been made with respect to the identity of the intended defendants.

For these reasons, Plaintiff should be permitted to amend the Complaint to name the proper parties.

_____/s/_____

Bert W. Kapinus #04255
Attorney for the Plaintiff
5503 44th Avenue
Hyattsville, Maryland 20781
Telephone: (301) 864-3454